**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 21-CR-318-JFH** |
| **MICHAEL RAY ZUNIGA,** | |
| **Defendant.** | |

**OPINION AND ORDER**

Before the Court is a Motion for Reduction of Sentence ("Motion") filed by Defendant Michael Ray Zuniga ("Defendant"). Dkt. No. 69. The Government has filed a Response in Support of Defendant's Motion. Dkt. No. 75. For the reasons set forth below, Defendant's Motion is DENIED.

**I.      Procedural History**

On February 5, 2019, Defendant became upset with the victim in this matter, C.B., because C.B. passed Defendant aggressively; Defendant followed C.B. to his home. Dkt. No. 57 at 6-7. When C.B. confronted Defendant, Defendant struck the victim in the face with a gun and fired multiple shots at C.B. – including one shot that was close enough to C.B. to leave a hole in his clothing. *Id*.

Defendant was named in a six-count Superseding Indictment filed in the United States District Court for the Eastern District of Oklahoma. Dkt. No. 25. The Indictment charged Defendant with: one count each of Assault with Intent to Commit Murder in Indian Country and Felon in Possession of a Firearm, and two counts each of Assault with a Dangerous Weapon with Intent to do Bodily Harm in Indian Country and Discharging a Firearm During and in Relation to a Crime of Violence. Dkt. No. 25.

Defendant pled guilty to Counts Two and Three of the Superseding Indictment, Assault with a Dangerous Weapon with Intent to Do Bodily Harm in Indian Country and Discharge of a Firearm During and in Relation to a Crime of Violence.  Dkt. No. 44.

The Presentence Investigation Report (PSR) in this matter calculated Defendant's total offense level as 14.  Dkt. No. 57 at 8.  Defendant's past criminal offenses included felony convictions in four prior cases; Defendant's criminal history includes convictions for violent crimes, including Domestic Assault and Battery by Strangulation and Intimidation of a Witness. Id. at 9-11.  All told, Defendant had accrued 11 criminal history points from his past convictions, and two points were additionally assessed because Defendant had been under a criminal justice sentence when he committed the new offense.  Id. at 11.  The 13 resulting criminal history points placed Defendant in the highest criminal history category, VI.   Defendant's resulting recommended guideline sentence was between 37 to 46 months as to Count Two, which would run consecutive to the mandatory minimum, mandatory consecutive 120-month sentence in Count Three.  On June 29, 2023, Judge Timothy D. DeGiusti sentenced Defendant to 40 months as to Count Two to be followed by a 120-month consecutive sentence as to Count Three.  Dkt. No. 64.

Subsequent to Defendant's sentencing, Amendment 821 to the United States Sentencing Guidelines was promulgated; relevant to this matter, the amendments changed the manner in which "status points" were assessed under the guidelines.  Rather than adding two criminal history points when a crime was committed while a defendant was under a criminal justice sentence, the amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

USSG §4A1.1(e).  Amendment 825 to the United States Sentencing Guidelines declared these changes to be retroactive in application.

On August 19, 2024, Defendant filed his pro se Motion for Reduction of sentence.  Dkt. No. 69.  Defendant argues that he would benefit from the retroactive application of Amendment 821; the Assistant Federal Public Defender appointed in this matter and counsel for the Government agree that Amendment 821 would place Defendant in criminal history category V rather than category VI under which he was sentenced.  Dkt. Nos. 72, 75.  Defendant's applicable guideline sentence as to Count Two would accordingly change from 37-46 months to 33-41 months.

## II.    The § 3553 sentencing factors do not support Defendant's requested sentence reduction.

Generally, a judgment imposing a sentence of imprisonment constitutes a final judgment and may only be modified in very limited circumstances.  18 U.S.C. § 3582(b).  One circumstance in which such a judgment may be altered occurs:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant … the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 USC § 3582(c)(2).

The Supreme Court has held that consideration of a motion under § 3582(c)(2) entails a two-step inquiry.  *Dillon v. United States*, 560 U.S. 817, 827 (2010).  First, the court must "determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized."  *Id*.  Second, the court must "consider any applicable § 3553(a) factors and determine

whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*.

The Court is in accord with the parties regarding Defendant's eligibility for reduction:  the change in this assessment of status points would decrease Defendant's criminal history category from VI to V, and Defendant's recommended guideline sentence would be reduced from 37-46 months to 33-41 months.  But, upon consideration of the § 3553(a) sentencing factors, this Court declines to grant Defendant's requested sentence reduction.

18 U.S.C. § 3553(a) sets forth purposes of federal criminal sentencing and sets forth the factors which the sentencing court must consider in imposing a sentence of imprisonment; it provides in relevant part:

> (a) The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for—
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced …

(5) any pertinent policy statement—

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.[;]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

Upon consideration of these factors, this Court holds that Defendant's present sentence of 40 months as Count Two, to be followed by 120 months of incarceration as to Count Three, is sufficient but not greater than necessary to satisfy the purposes of sentencing.

Defendant was inches away from killing a man because of a minor traffic altercation – the kind of petty annoyance that happens to nearly everyone, every day. Following the traffic incident, Defendant determinedly followed the victim to his home before striking him in the head with a gun and nearly shooting him. The Court hopes that Defendant has been able to make strides toward improving himself and addressing whatever issues caused him to act in such a manner. But Defendant's behavior, taken together with his extensive criminal history, indicates to this Court that Defendant is, to put it bluntly, a dangerous person. As such, the sentence as it is presently imposed is sufficient but not greater than necessary to protect the public from further crimes of the

Defendant and, hopefully, provide the Defendant with needed resources to address his behavioral issues.  Further, the seriousness of Defendant's offense cannot be overstated; he did not kill C.B. but not for lack of trying.  As such, a sentence of 40 months as to Count Two is necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.  Lastly, given the seriousness of Defendant's offense, the relatively longer sentence will better serve to afford adequate deterrence to criminal conduct, in general as well.

For all of the reasons set forth above, Defendant's Motion for Sentence Reduction [Dkt. No. 69] is DENIED.

Dated this 25th day of October 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE